BURROS BAG COMPANY, INC., Appellant, *v.* STANDARD BRANDS, INCORPORATED, Respondent, Impleaded with HERMAN A. PACK, Doing Business under the Registered Trade Name and Style of HERMAN PACK COMPANY, Defendant.

First Department, December 28, 1934.

*Frederic H. Cowden,* for the appellant.

*Francis W. Phillips* of counsel [*Theodore Kiendl* and *Frederick G. Watson, Jr.,* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the respondent.

O'MALLEY, J. We are here concerned with the sufficiency of a defense of the corporate defendant, Standard Brands, Incorporated, herein referred to as the defendant. The character of the plaintiff's cause of action must first be considered. Briefly summarized, the complaint establishes these facts:

The corporate defendant imports coffee in burlap bags which are usually discarded after the coffee is received and prepared for sale. The plaintiff, a dealer in second-hand burlap bags, was the successful bidder for the purchase of the corporate defendant's discarded accumulation of bags over a fixed period, deliveries to be made weekly to the plaintiff at the defendant's plant at Hoboken, N. J. Plaintiff was to pay for Santos coffee bags, nine and one-half cents each; for heavy grass bags, five cents, and for burlap or Mexican bags, seven and one-half cents.

After deliveries were begun the plaintiff discovered that the defendant was secretly purchasing burlap bags from the individual

defendant Pack, also a dealer in second-hand bags doing business in New York city, and was delivering them to the plaintiff as part of its accumulation of discarded bags. The price bid by plaintiff for the defendant's bags equaled or exceeded the market price, which steadily declined after the contract was made.

A conspiracy between the defendants to unload Pack's bags on the plaintiff at the contract price and in excess of the market price and thereby to secure and reap an unlawful profit to plaintiff's damage, is charged against the defendants.

After admitting that the bags purchased from Pack were delivered to plaintiff (though denying such as all or part of defendant's accumulation) and that weekly bills sent to plaintiff included Pack's bags, the first separate defense under attack was pleaded. This is to the effect that after the agreement with plaintiff was made, the defendant found it could use a large part of its Santos bags for shipping roasted coffee, thereby saving the expense of purchasing new bags for shipping purposes. As a result, there were no Santos bags available for delivery to the plaintiff on the second delivery date.

The defendant was then notified by plaintiff that it desired a full truckload on each delivery date and, particularly, Santos bags. Accordingly, the defendant, in compliance with this request and as an accommodation to plaintiff, arranged with Pack to purchase from him a sufficient number of Santos bags at nine and one-quarter cents each, to enable defendant to furnish plaintiff a full truckload on each delivery. In consequence, Pack delivered weekly to defendant a quantity of Santos bags which in turn were delivered by the defendant to the plaintiff, together with such of its own Santos bags as were not converted for shipping purposes, as well as the burlap and grass bags called for by the contract.

The bags thus secured from Pack and delivered to plaintiff were of the same kind and quality as the Santos bags in defendant's plant. These bags were so purchased because plaintiff continually requested a full truckload for each delivery and particularly desired Santos bags. The defense further shows that the first three deliveries made to plaintiff included, in addition to the burlap and grass bags, 8,500 of defendant's Santos bags and 5,050 of Santos bags purchased from Pack and that the defendant had converted in all some 30,000 of its own Santos bags for shipping purposes.

The question is whether the facts alleged constitute a complete defense. We are of opinion that they do not. Plaintiff, by its agreement was to take defendant's accumulations at the latter's

plant. Its request for a full truckload on each delivery date is to be considered in the light of its agreement. It was purchasing defendant's accumulations only and had a right to have its convenience served by the receipt of a full truckload rather than a partial load on each delivery if sufficient quantity had been accumulated by the defendant. Plaintiff's request was not, however, an authorization to the defendant to purchase Santos bags elsewhere on a falling market, and thereby obligate the plaintiff to accept them under its contract at a profit to the defendant. As already noted, the defendant was making a profit of one-quarter of a cent on each bag purchased.

The situation would be quite different if plaintiff had requested the delivery of a full truck load from whatever source they could be secured by the defendant. In the absence of such request we think the defendant was unauthorized to adopt the course it did. Surely the contract did not contemplate that plaintiff would be forced to take bags acquired at a lower price from another party, a competitor. If plaintiff had been desirous of obtaining bags from any source whatsoever, it could itself have gone into the open market and purchased at the lower rate.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion to strike out the first defense granted, with ten dollars costs.

MARTIN, MERRELL and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.